CINCINNATI TRACTION CO. v. IRENE HOLLIDAY.

**Miscarriage Resulting from Injuries must be Connected with Accident Complained of.**

> In an action for damages causing injuries from which a miscarriage resulted, evidence relating to the miscarriage, to be competent, must connect that fact with the accident.

Traction Co. v. Holliday.

ERROR to common pleas court.

On the trial below the plaintiff was awarded $300 damages for injuries sustained by her in being thrown to the ground by the premature starting of a summer car, from which she was attempting to alight, causing a miscarriage in consequence of her injuries.

*Smith Hickenlooper*, for plaintiff in error.

*Darby & Benedict*, for defendant in error.

**SMITH, J.**

While the evidence as disclosed by the record in the above case is quite conflicting, we cannot say that the verdict and judgment of the court is not sustained by the weight thereof, nor do we think that the verdict of the jury is a compromise. There is nothing in the record to indicate this except the question asked by a juror, and the court distinctly told him that anything of this kind would not be allowed to go to them and that the question was entirely immaterial. We see no error in the court admitting evidence as to the question of miscarriage by plaintiff in error, as he stated he would not permit it to go to the jury unless it was connected up with the accident and we think this is sufficiently done, as the doctor testifies that the first miscarriage would more than likely have some effect on plaintiff in error having the second miscarriage, and that the second miscarriage can be attributed to the first one so far as the accident caused the first and thus was created the habit or tendency to miscarry again. There was no error in the court overruling the motion of defendant in error to make the petition more definite and certain in regard to the nature and extent of the serious internal injuries of a permanent nature alleged in the petition.

We find no error in the general charge of the court and believe that the case, as submitted thereon and the special charge asked by defendant in error, was properly decided by the jury.

Judgment affirmed.

**Giffen** and **Swing, JJ.,** concur